IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOYFUL L. JOHNS, | |
| *Plaintiff*, | |
| v. | Civil Action No. 3:19-cv-687-ALB-SRW |
| MARSH & McLENNAN AGENCY LLC, | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

## COMPLAINT

Comes now the Plaintiff, JOYFUL L. JOHNS, and files her Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and 42 U.S.C § 12117(a) for violation of the Americans with Disabilities Act (ADA), for her being discharged because of a disability, showing to the court as follows:

## JURISDICTION AND VENUE

Jurisdiction is conferred under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and 42 U.S.C 12117(a), the Americans with Disabilities Act of 1990 (ADA).

The violation of the Plaintiff's rights as alleged herein occurred in Tallapoosa County, Alabama, and within the Middle District of Alabama.

## PARTIES

1) The Plaintiff, JOYFUL L. JOHNS, (hereinafter "Plaintiff"), is over the age of nineteen years, is a resident of Tallapoosa County, Alabama, and was so at the time of the incidents which form the basis of this lawsuit. Plaintiff is a former employee of MARSH & McLENNAN AGENCY, LLC (hereinafter referred to as "Defendant"). Plaintiff ceased to be employed by Defendant on September 25, 2018.

2) Defendant is a foreign limited liability company, with its principal address located in New York, New York. The defendant is qualified to do business, and does business, in the State of Alabama, within the Middle District of Alabama, in Tallapoosa County.

## FACTUAL ALLEGATIONS RELATED TO VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA)

3) Plaintiff is a qualified individual with a disability.

4) Plaintiff is a former employee of the Defendant and a covered entity as defined under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C § 12111(4).

5) Defendant is an agency that provides insurance through various agents in the State of Alabama.

6) Defendant employs 500 or more employees.

7) Defendant is a covered entity as defined under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C § 12111(5).

8) Plaintiff was employed by Defendant as an account manager, working for J. Smith Lanier, in February, 2013. Defendant terminated the Plaintiff's employment on September 25, 2018.

9) The local site of employment to which the Plaintiff reported was in Tallapoosa County, Alabama.

10) Plaintiff broke her right foot on or about April 18, 2018.

11) Plaintiff requested an accommodation on April 23, 2018 and asked that she be allowed to work from home while her injury healed. That request was denied.

12) Plaintiff used her personal leave time and FMLA and was thereafter placed on short-term disability.

13) Again, in July, 2018, after exhausting her FMLA Plaintiff contacted the corporate offices of the Plaintiff and requested that she be provided an accommodation to work from home until she was cleared by her physicians to return to work without restrictions. That request was granted.

14) Plaintiff worked from home without incident until September 25, 2018. On September 25, 2018, Plaintiff was contacted by her supervisor and other representatives from Human Resources and was advised that her employment was terminated.

15) Plaintiff submitted a Charge of Discrimination to the EEOC on March 11, 2019.

16) The EEOC, in its letter dated June 20, 2019, issued a notice of right to sue.

## COUNT I

### Violations of the Americans with Disabilities Act

17) Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

18) Defendant Marsh & McLennan Agency, LLC, violated the Americans with Disabilities Act (ADA) when it terminated the Plaintiff's employment because of her disability by failing to make adequate job accommodations, engage the Plaintiff in the interactive process to make job accommodations, and maintaining an inflexible leave policy which did not provide for reasonable accommodations discussions, but instead provided for termination of employment, in violation of the ADA.

19) Plaintiff claims of the defendant compensatory damages including back pay provided by 42 U.S.C. § 12117 and 42 U.S.C §2000e-5 and any other enhancement or damages that may be provided by law. Compensatory damages include back pay and any other compensable damages that were proximately caused by violation of the law. Plaintiff also claims attorneys' fees pursuant to

42 USC § 12205.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully requests the Court to:

a) Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

b) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law h herein and all other such practices shown to be in violation of applicable law.

c) Grant compensatory damages against the defendant, including but not limited to, back pay, loss of fringe benefits, and loss of career advancement.

d) Grant punitive damages to the maximum provided by law.

e) Reinstate Plaintiff's employment with Defendant.

f) Order an award of cost and Attorneys fees to Plaintiff.

## COUNT II

### Retaliatory Discharge

20) Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

21) Plaintiff alleges she is the victim of a retaliatory discharge by Marsh & McLennan Agency, LLC.

22) The Plaintiff is a member of a protected class.

23) The Plaintiff engaged in a protected activity by asking for a reasonable accommodation. The Defendant willfully and intentionally discriminated the Plaintiff for engaging in the protected activity which lead to the retaliatory discharge of the Plaintiff.

### PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully request the Court to:

a) Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

b) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation

of applicable law h herein and all other such practices shown to be in violation of applicable law.

c) Grant compensatory damages against the defendant, including but not limited to, back pay, loss of fringe benefits, loss of career advancement.

d) Grant punitive damages to the maximum provided by law.

e) Reinstate Plaintiff's employment with Defendant.

f) Order an award of cost and Attorneys fees to Plaintiff.

## COUNT III

### Injunctive Relief

24) Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

25) Plaintiff requests that the Defendant be enjoined from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, or any other equitable relief as the court deems appropriate.

### PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff respectfully requests the Court to:

a) Enter a judgment that the discriminatory practices complained of herein are unlawful and violative of the Americans with Disabilities Act of 1990 (ADA);

b) Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

d) Grant compensatory damages against the defendant, including back pay;

e) Grant Punitive damages to Plaintiff against Defendant for the maximum allowed by law;

f) Grant Plaintiff the cost of this action including reasonable attorney's fees;

g) Grant pre-judgment and post-judgment interest at the maximum rate allowable by law;

h) Grant such other, further and different relief as this Court may deem just, and all other equitable and legal relief as to which Plaintiff may be entitled.

## The Plaintiff Requests Trial by Jury.

Respectfully submitted,

/s/ John Michael Segrest
John Michael Segrest (ASB-8306-H58S)
Attorney for Plaintiff
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL 36078
Telephone: 334-252-0036
Facsimile: 334-252-0037
Mike.Segrest@Segrestlaw.com