# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOYFUL L. JOHNS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:19-cv-687-ALB-SRW |
| MARSH & MCLENNAN AGENCY LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Marsh & McLennan Agency LLC's ("MMA") Motion for Partial Judgment on the Pleadings. (Doc. 11). Plaintiff Joyful Johns filed a response in opposition to the motion, doc. 12, to which Defendant replied. (Doc. 13). Upon consideration, the motion is due to be granted.

## BACKGROUND

Johns was hired by MMA in 2013 as an account manager. According to her Complaint, Johns broke her foot in April 2018. On April 23, 2018, Johns requested an accommodation to work from home while her foot healed. MMA denied her request, so Johns used personal leave, FMLA leave, and eventually short-term disability to cover her absences. In July 2018, Johns again requested to work from home as an accommodation for her foot injury. This time her request was granted.

Johns worked from home until September 25, 2018, when she was terminated by MMA. Johns filed an EEOC Charge on March 11, 2019, and later filed this action claiming that MMA failed to provide a reasonable accommodation and retaliated against her in violation of the Americans with Disability Act ("ADA").

Defendant moves for judgment on the pleadings only as to Plaintiff's failure-to-accommodate claim.

## STANDARD OF REVIEW

Judgment on the pleadings under Fed. R. Civ. P. 12(c) is appropriate "when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). To decide a Rule 12(c) motion for judgment on the pleadings, courts apply the same standard applied to Rule 12(b)(6) motions to dismiss. *McPhillips v. Blue Cross Blue Shield of Ala.*, No. 2:10-cv-615, 2010 WL 3833950, at *1 (M.D. Ala. Sept. 23, 2010). That is, the Court must accept all facts alleged in the complaint as true, viewing them in the light most favorable to the non-movant. *Douglas Asphalt Co.*, 541 F.3d at 1273; *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

## DISCUSSION

To file an action asserting discrimination or retaliation under the ADA, a plaintiff must first exhaust her administrative remedies. *Maynard v. Pneumatic*

*Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). A plaintiff exhausts her administrative remedies if she (1) files an EEOC charge within 180 days of the last act of discrimination and (2) files a civil action within 90 days of receipt of her Notice of Right to Sue letter from the EEOC. *Wilkerson*, 270 F.3d at 1317; *Gant v. Jefferson Energy Co-op*, 348 F. App'x 433, 434 (11th Cir. 2009); 42 U.S.C. § 2000e-5(f)(1). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Defendant argues that Plaintiff's failure-to-accommodate claim is time-barred because Plaintiff filed her March 11, 2019 EEOC Charge more than 180 days after the denial of her request for an accommodation on April 23, 2018. Plaintiff concedes that she filed her EEOC Charge more than 180 days after her request was denied. But Plaintiff claims that her failure-to-accommodate claim is still timely for two reasons: (1) the 180-day limitations period did not begin to run until July 2018 and (2) her email correspondence with the EEOC plus the EEOC's temporary closure during the 2019 government shutdown warrant equitable tolling of the limitations period. Plaintiff's arguments are unavailing.

In her Complaint, Plaintiff bases her failure-to-accommodate claim on the denial of her request for an accommodation on April 23, 2018. The denial of a reasonable accommodation for a disability is a discrete act of discrimination. *Abram*

*v. Fulton Cnty. Gov't*, 598 F. App'x 672, 676 (11th Cir. 2015) (holding that each denial of requested accommodation constituted "discrete act[] of alleged discrimination" for purposes of limitations period); *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1059 (8th Cir. 2016) (same); *see also Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134-45 (2d Cir. 2003) (holding that employer's denial of an employee's proposed accommodation for religious practices is a "discrete act" of discrimination, not a continuing violation). Thus, the 180-day limitations period for Plaintiff's failure-to-accommodate claim began running when Defendant denied her accommodation request, making her deadline to file an EEOC charge October 20, 2018.

It is undisputed that Plaintiff filed her EEOC Charge on March 11, 2019, nearly one year after her accommodation request was denied. But in an attempt to circumvent this fatal fact, Plaintiff claims in her response that Defendant's denial of her accommodation request was part of a continuing violation. Specifically, she claims that her "failure to accommodate claim was ongoing until July of 2018" when she was provided an accommodation. (Doc. 12 at 3). This argument fails.

First, Plaintiff does not allege a continuing violation in her Complaint. But even if she had, a continuing violation theory is not applicable to discrete discriminatory acts like the denial of a reasonable accommodation. *See Morgan*, 536 U.S. at 114; *Abram*, 598 F. App'x at 676 (finding continuing violation theory

4

inapplicable where plaintiff did not allege a hostile work environment claim and instead based her claims on the defendant's failure to grant her accommodations requests, each of which were discrete discriminatory acts); *Ramsey v. Greenbush Logistics, Inc.*, No. 3:17-cv-1167, 2017 WL 6492608, at *3 (N.D. Ala. Dec. 19, 2017) (dismissing failure-to-accommodate claim as untimely and rejecting plaintiff's continuing violation theory that his EEOC charge was timely since he was still subject to his employer's failure to accommodate his disability when he filed the charge). Rather, "[e]ach alleged denial of a reasonable accommodation is a discrete act 'that must be challenged as [a] separate statutory discrimination . . . claim[].'" *Salser v. Clarke Cnty. Sch.*, No. 3:10-cv-17, 2011 WL 56064, at *3 (M.D. Ga. Jan. 5, 2011) (quoting *McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008)).

Here, Plaintiff alleges a single discrete act—the denial of her request for an accommodation in April 2018. "An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination," and Plaintiff does not allege that she made any new or additional requests for an accommodation between April and July. *Martin v. Sw. Va. Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998); *see Long v. Howard Univ.*, 512 F. Supp. 2d 1, 17 (D.D.C. 2007) (stating that requests to reconsider a previously denied request for an accommodation do not "revive a time-barred claim"). Plaintiff cites no authority and offers no argument supporting the

5

application of a continuing violation theory in this circumstance where her employer granted the request for accommodation that it had previously denied.

Because Plaintiff has not alleged a continuing violation, Plaintiff's failure-to-accommodate claim is untimely unless she can show that she is entitled to equitable tolling of the limitations period. Equitable tolling is appropriate when a plaintiff's untimely filing is due to extraordinary circumstances "beyond her control and unavoidable even with diligence." *Horsley v. Univ. of Ala.*, 564 F. App'x 1006, 1008-09 (11th Cir. 2014). Equitable tolling requires more than ignorance of the law or slow administrative proceedings—it "typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment." *Brown v. Montgomery Surgical Ctr.*, No. 2:12-cv-553, 2013 WL 1163427, at *11 (M.D. Ala. Mar. 20, 2013). "And where the complaint's allegations facially demonstrate that the claim is untimely and omit allegations to support equitable tolling, the plaintiff generally cannot survive a motion [for judgment on the pleadings] on tolling grounds." *Id.*

Plaintiff is not entitled to equitable tolling for two reasons.

First, Plaintiff does not allege any facts in the Complaint to support equitable tolling, though her failure-to-accommodate claim is plainly untimely on the face of the Complaint. *See Horsley*, 564 F. App'x at 1009 (declining to apply equitable tolling where plaintiff "asserted no facts in her complaint indicating that her

untimely filing was the result of circumstances beyond her control and unavoidable even with diligence").

Second, even were this Court to consider the allegations asserted by Plaintiff in her response, her allegations fall short of the "extraordinary circumstances" required by the equitable tolling doctrine. As discussed above, Plaintiff's deadline to timely file an EEOC charge based on her failure-to-accommodate claim was October 20, 2018. So, to the extent Plaintiff blames her delay on the 2019 government shutdown, which occurred after the deadline had passed, that argument fails. Plaintiff's only other justification for her delay is that she contacted the EEOC on September 27, 2018, and could not "control the fact that the earliest appointment the EEOC could give her was over 100 days after she opened the inquiry . . . ." (Doc. 12 at 3). In other words, Plaintiff blames slow administrative proceedings for her delay, which is insufficient. *See Brown,* 2013 WL 1163427, at *11-12 (declining to apply equitable tolling where plaintiff claimed her delay in filing an EEOC charge was the "fault of a government bureaucracy" because she contacted the EEOC to report the discriminatory act but did not receive a draft charge from the EEOC until after the 180-day deadline had passed).

Though equitable tolling may be appropriate where the EEOC misleads an employee about the nature of her rights, Plaintiff has alleged no such deception by the EEOC in this case, nor has she alleged that the EEOC otherwise engaged in any

7

affirmative misconduct. *See Jones v. Wynne*, 266 F. App'x 903, 906 (11th Cir. 2008). In fact, the email correspondence submitted by Plaintiff shows the exact opposite—that the EEOC informed her several times that answering questions as part of the intake process was "not the same as filing a charge of discrimination," which is "a signed statement asserting that an organization engaged in employment discrimination." (Docs. 12-1 & 12-4).

Because Plaintiff has failed to allege any extraordinary circumstances that warrant equitable tolling of the 180-day limitations period, her failure-to-accommodate claim is time-barred. Plaintiff's March 11, 2019 EEOC Charge was simply too little, too late.

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion for Partial Judgment on the Pleadings is **GRANTED**. Plaintiff's failure-to-accommodate claim (Count I) is **DISMISSED WITH PREJUDICE**.

This case is not closed. The other counts in the Complaint remain pending.

**DONE** and **ORDERED** this 31st day of March 2020.

/s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE